MISC. CASE NO. ____

———————————————————————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————————————————————

In re Vanderbilt Mortgage and Finance, Inc., **Petitioner.**

———————————————————————————

Petition for Writ of Mandamus to the United States District Court for the Southern
District of West Virginia to Require It to Enforce the Automatic Stay Pending
Appeal from the Denial of a Motion to Enforce a Written Arbitration Agreement
(Bankr. AP No. 2:12-AP-02026)
(D. Ct. Case No. 2:13-MC-00048)

———————————————————————————

**PETITION FOR WRIT OF MANDAMUS**

———————————————————————————

Pursuant to Rule 21 of the Federal Rules of Appellate Procedure, Defendant-

Petitioner Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"), by and through

undersigned counsel, submits this Petition for Writ of Mandamus to the United

States District Court for the Southern District of West Virginia.

**STATEMENT OF THE RELIEF SOUGHT**

Pursuant to this Court's decision in *Levin v. Alms & Assocs., Inc.*, 634 F.3d

260 (4th Cir. 2011) further proceedings in a case are automatically stayed when

there is an appeal from the denial of a motion to compel arbitration unless and until

there is a certification by the lower court that the appeal is frivolous. In the

proceedings below, Vanderbilt moved to compel arbitration of causes of action

asserted by Plaintiff-Respondent Julie Renee Butler in Adversary Proceeding No. 2:12-AP-02026 (the "Adversary Proceeding") in the United States Bankruptcy Court for the Southern District of West Virginia. As is explained further below, the bankruptcy court (1) denied Vanderbilt's motion to compel arbitration, (2) denied Vanderbilt's request that the court observe the stay automatically imposed by the rule established in this Court's decision in *Levin*, (3) set a schedule for discovery and trial of the Adversary Proceeding that, unless addressed, will require trial of the Adversary Proceeding before Vanderbilt's appeal is complete, and (4) delayed sending Vanderbilt's appeal to the district court until after the scheduling order was entered. Vanderbilt thereafter moved in the district court[1] for (1) a general stay pending appeal from the denial of the motion to compel arbitration; (2) a temporary provisional stay to prevent pressing discovery deadlines from running pending consideration of the motion for general stay; and (3) a shortened briefing schedule and expedited disposition of the stay motions, which was necessary to prevent Vanderbilt's right of appeal on the issue of arbitrability from being prejudiced by requiring it to engage in both offensive and defensive discovery. In its motions below, Vanderbilt informed the district court of the

---

[1] The motion for stay was filed in a miscellaneous action opened for that purpose, Civil Action No. 13-mc-00048 (S.D. W. Va), because Vanderbilt's appeal had not been transmitted to the district court at that time. (See Decl. of Randall Saunders, Ex. 1 hereto, ¶¶ 2-5.) Vanderbilt's appeal was thereafter docketed on April 26, 2013, in Civil Action No. 2:13-cv-09261 (S.D. W. Va.).

2

automatic stay in place pursuant to *Levin* and informed the district court of the pressing discovery deadlines that would run if the district court did not provide immediate relief.  In an Order entered late on the afternoon of Friday, April 26, 2013, the district court ruled that it (1) would not shorten the response schedule for the request for temporary stay; (2) would not require Plaintiff to respond to the stay requests until after the May 3 deadline for Vanderbilt to serve offensive discovery by mail and the May 6 deadline for Vanderbilt to respond to Plaintiff's written discovery requests; and (3) would not issue even a temporary stay until the parties had fully briefed the stay.  By indicating that it will not rule before important deadlines will pass, the district court effectively refused to observe and to enforce *Levin's* automatic stay.  Vanderbilt therefore seeks a writ of mandamus from this Court requiring the district court to observe and to enforce that automatic stay. Specifically, the district court should be required to enter an order that no further proceedings occur in the Adversary Proceeding pending Vanderbilt's appeal from the denial of arbitration and to enter all other orders appropriate and necessary to enforce the automatic stay pending appeal.  In connection with this Petition for Writ of Mandamus, Vanderbilt has also filed a motion for emergency stay in this court.

## ISSUE PRESENTED

Whether the district court is required to enforce the rule established by this Court in *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260 (4th Cir. 2011) that further proceedings are stayed pending the appeal of the denial of a motion to compel arbitration when the failure of the district court to do so would result in the party seeking arbitration being subjected to immediate discovery obligations and other pressing litigation deadlines that are inconsistent with the right of that party to arbitrate and that are prejudicial to the party's right to appeal from the denial of its motion to compel arbitration.

## NATURE OF THE MATTER BEFORE THE COURT

This Court has observed that a stay is required when there is an appeal from the denial of a motion to require arbitration because, "if [this Court] later hold[s] that the claims were indeed subject to mandatory arbitration, the parties will not be able to unring any bell rung by discovery, and they will be forced to endure the consequences of litigation discovery in the arbitration process," which, as this Court has also observed, would be prejudicial to the party seeking arbitration. *Levin*, 634 F.3d at 265. In the case *sub judice*, a writ of mandamus and an emergency stay from this Court are needed because, without them, litigation discovery deadlines will come due on or before May 6, 2013, which will prejudice

Vanderbilt's rights under the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* (the "FAA").

In the proceedings below, Vanderbilt moved to compel arbitration of the claims asserted in the Adversary Proceeding pursuant to a written arbitration agreement.  (Arbitration Agreement, Ex. 2 hereto.)  The bankruptcy court refused to enforce the arbitration agreement and refused to stay the Adversary Proceeding pending Vanderbilt's appeal of the refusal to enforce the arbitration agreement (Sept. 18, 2012 Bankr. Ct. Order Den. 1st Mot. to Compel Arbitration, Ex. 3 hereto; Feb. 4, 2013 Bankr. Ct. Order Den. Renewed Mot. to Compel Arbitration, Ex. 4 hereto; April 8, 2013 Bankr. Ct. Order Den. Mot. to Stay, Ex. 5 hereto.). Thereafter, Vanderbilt timely moved in the district court for (1) a stay pending appeal (the request for "general stay"), and (2) a provisional, temporary stay while the district court decided the motion for general stay (the request for "temporary stay") (collectively, the "stay requests").  (Dist. Ct. Mot. to Stay, Ex. 6 hereto). Vanderbilt also moved in the district court for a shortened briefing schedule on the stay requests and for expedited consideration, so that impending discovery deadlines in the Adversary Proceeding would not run while the issue of arbitrability of Plaintiff's claims is being determined (hereinafter the motion "to expedite"). (Dist. Ct. Mot. to Expedite Ex. 7 hereto).

By Order entered late on the afternoon of Friday, April 26, 2013, the district court effectively denied temporary stay relief. (Dist. Ct. Order Den. Motion to Expedite, Ex. 8 hereto). Though the district court did not expressly take up the request for temporary stay, it deferred ruling on it until after a full, un-expedited briefing of the issues that are not required to be completed until May 13, 2013. Thus, the district court in effect (1) declined to stay Vanderbilt's May 6, 2013 response deadline for written discovery and document requests propounded to Vanderbilt in the Adversary Proceeding, and (2) declined to stay immediate scheduling order deadlines set by the bankruptcy court in the Adversary Proceeding that will run to the prejudice of Vanderbilt unless stayed, including, without limitation: (a) a May 3, 2013 deadline for Vanderbilt to serve offensive written discovery by mail, (b) a May 13, 2013 deadline for initial discovery disclosures, and (c) June 5, 2013 discovery cut-off. (Pl.'s Written Disc. Reqs., Ex. 9 hereto; Bankr. Court Scheduling Order, Ex. 10 hereto.)

Under these circumstances, Vanderbilt is able to demonstrate that the district court had plainly acted beyond the scope of its authority and that Vanderbilt has had no alternative remedy available to it other than a petition for a writ of mandamus. *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 309 (1989) (discussing the standard for determining whether a writ of mandamus should be issued). This district court had no discretion to do

anything other than enforce this Court's directive in *Levin*, and given the discovery and trial schedule set by the bankruptcy court, there is no alternative to a writ of mandamus that would protect Vanderbilt's rights. Accordingly, a writ of mandamus should be issued by this Court.

## <u>STATEMENT OF FACTS NECESSARY TO UNDERSTAND<br>THE ISSUE PRESENTED BY THE PETITION</u>

Plaintiff Julie Renee Butler ("Plaintiff") filed a petition for relief under Chapter 13 of the Bankruptcy Code on November 28, 2011. (Ch. 13 Pet., Case No. 2:11-bk-20818 (Bankr. S.D. W. Va.), Dkt. No. 1.) Subsequently, Plaintiff filed an Adversary Proceeding against Vanderbilt on May 23, 2012, alleging that she was unconscionably induced into entering the loan, including that she was not given loan documents in advance of closing and that the loan had unfair terms, and also that Vanderbilt engaged in abusive debt collection practices in servicing the loan by making repeated telephone and in-person attempts to collect the past-due payments. (Compl., <u>Ex. 11</u> hereto.) Based upon these allegations, Plaintiff asserted putative state law claims for unconscionable inducement, abusive debt collection, intentional infliction of emotional distress, and invasion of privacy.

Vanderbilt filed a Motion to Compel Arbitration and Stay Proceedings Pending Arbitration on July 2, 2012. (1st Mot. to Compel Arbitration, <u>Ex. 12</u> hereto; *see also* Case No. 2:12-ap-02026 (Bankr. S.D. W. Va.) (hereinafter "Bankr.

AP") Dkt. No. 7.)  Plaintiff filed a Response in Opposition to Vanderbilt's Motion on July 19, 2012.  (Bankr. AP Dkt. No. 10.)

On July 11, 2012, Plaintiff filed an Amended Complaint.  (Ex. 13 hereto.) Plaintiff's first Amended Complaint added a fifth claim for relief, alleging that the arbitration agreement signed by Plaintiff was unconscionable.  On July 30, 2012, Vanderbilt filed a motion to dismiss Plaintiff's Amended Complaint, arguing that the Federal Arbitration Act preempted the claim for unconscionable arbitration clause and that the bankruptcy court should dismiss the remainder of the Amended Complaint without prejudice to be re-filed, if at all, in the context of arbitration. (Bankr. AP Dkt. Nos. 12–13.)   Plaintiff filed a Response in Opposition to Vanderbilt's motion to dismiss on August 16, 2012.  (Bankr. AP Dkt. No. 17.)

On August 30, 2012, the bankruptcy court held a hearing on Vanderbilt's motion to compel and motion to dismiss.  (Bankr. AP Dkt. No. 27.)   In mid-September, the bankruptcy court entered an Order denying[2] Vanderbilt's motions, from which Vanderbilt timely appealed.  (1st Not. of Appeal, Ex. 14 hereto; 1st Mot. for Leave to Appeal, Ex. 15 hereto.)   In its appellate filings, Vanderbilt sought to exercise its immediate right of appeal pursuant to 9 U.S.C. § 16 and to

---

[2] As a matter of form, the bankruptcy court struck the motion to compel arbitration and the motion to dismiss.  The bankruptcy court later indicated during a hearing that it had taken this approach, at least in part, because it was dissatisfied with the proposed order denying those motions that had been submitted by Plaintiff's counsel. (Audio of Nov. 13, 2012 hearing, Bankr. AP Dkt. No. 41.)

8

obtain review by the district court of the order denying Vanderbilt's legally enforceable right to have Plaintiff's claims arbitrated. Vanderbilt also filed a motion to stay proceedings pending appeal, (1st Mot. To Stay, Ex. 16 hereto,) which Plaintiff opposed, (Bankr. AP Dkt. No. 38.) Plaintiff also filed a motion for leave to amend her complaint yet again. (Bankr. AP Dkt. No. 29.)

The bankruptcy court held a hearing on November 13, 2012, on all of the filings that were pending at that time. In a written Order dated November 20, 2012, the bankruptcy court (1) vacated and set aside its prior Order denying the motion to compel arbitration entered on September 18, 2012; (2) granted Plaintiff's motion to file a Corrected Second Amended Complaint; and (3) granted Defendant time to respond appropriately to the Corrected Second Amended Complaint, which could include the filing of a motion to compel arbitration. (Bankr. Court Nov. 20, 2012 Order on Pending Filings, Ex. 17 hereto.)

Vanderbilt thereafter filed its Renewed Motion to Compel Arbitration on December 4, 2012, (Renewed Mot. To Compel Arbitration, Ex. 18 hereto), and Plaintiff filed a response in opposition on December 18, 2012, (AP Dkt. No. 49.) The bankruptcy court issued an Order Denying Defendant's Motion to Compel Arbitration and Stay Proceedings on February 4, 2013. (Order, Ex. 19 hereto.)

In response to the second order denying arbitration, Vanderbilt again filed a Notice of Appeal and a Motion for Leave to Appeal. (2nd Notice of Appeal, Ex. 20

hereto and 2nd Mot. For Leave to Appeal, <u>Ex. 21</u> hereto.)  Further, Vanderbilt took all of the necessary steps to perfect its appeal (Bankr. AP Dkt. No. 60 (designated items to be included in the record on appeal); No. 68 (obtained transcripts and had them filed); and No. 74 (filed a notice of no redactions regarding transcripts).)

Although the filing of the Notice of Appeal divested the bankruptcy court of jurisdiction and imposed an automatic stay of the proceedings before the bankruptcy court, out of an abundance of caution, on February 18, 2013, Vanderbilt filed with the bankruptcy court a motion for a stay of the Adversary Proceeding pending its appeal.  (2nd Motion for Stay, <u>Ex. 22</u> hereto.)  On April 8, 2013, the bankruptcy court denied Vanderbilt's motion for stay.  (Bankr. Ct. Order Den. Stay, <u>Ex. 23</u> hereto.)

On April 1, 2013, Plaintiff purported to propound written discovery requests to Vanderbilt.  (<u>Ex. 9.</u>)  Assuming they are deemed proper, the responses to these requests would be due on May 6, 2013.  (<u>Ex. 1</u>, ¶ 10.)

On April 22, 2013, the bankruptcy court issued a document styled "Amended Scheduling Order Non-Complex Matter" that sets an initial discovery disclosure deadline of May 13, 2013, a deadline for the close of all discovery of June 5, 2013, a dispositive motions deadline of July 5, 2013, and a trial date of August 13, 2013.  (<u>Ex. 10</u>.)

On April 16, 2013, Vanderbilt exercised its right to seek a stay of the Adversary Proceeding from the district court, during the pendency of Vanderbilt's appeal pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure. (Ex. 6.) The normal course in the Southern District of West Virginia would have been to file a motion for stay in the district court in the same civil action number that was set up for Vanderbilt's Notice of Appeal. (Ex. 1, ¶ 6.) However, the clerk of the bankruptcy court had not yet transmitted Vanderbilt's appeal to the clerk of the district court, notwithstanding that Vanderbilt had done everything necessary to perfect its appeal. (Ex. 1, ¶ 5; *see also* Case No. 2:13-cv-09261 (S.D. W. Va.), Dkt. No. 1.) Accordingly, Vanderbilt was required to file a miscellaneous action. ((Ex. 1, ¶ 5); *see also* Case No. 2:13-mc-00048 (S.D. W. Va.), Dkt. No. 1.) Indeed, the clerk of the bankruptcy court did not transmit Vanderbilt's appeal to the district court until April 26, 2013. (Case No. 2:13-cv-09261 (S.D. W. Va.), Dkt. No. 1.)

Vanderbilt's filings in the district court consisted of (1) a motion for stay pending the district court's ruling on the appeal from the denial of the motion to require arbitration, (2) a request for temporary stay pending the determination of the general motion for stay pending appeal, and (3) a motion to expedite the briefing schedule on the requests for temporary and general stay. (Exs. 6 and 7). The stay motion was filed on April 16, 2013. The request to expedite could not be

filed until April 18, 2013, because the case was not set up in CM/ECF for further filings until that time. (Ex. 1, ¶¶ 6-7.)  A judicial assignment was not made in the case in the district court concerning the stay until April 24, 2013. (ECF Notice of Assignment, Ex. 22 hereto.)  After internal discussions between the chambers of the district judge and counsel for the parties beginning at 2:00 p.m. on April 26, 2013[3], the motion to expedite was denied on the same date. (Ex. 1, ¶¶ 9-12; Ex. 8.)

By refusing to expedite the briefing schedule and to immediately rule on the motion for temporary stay, the district court has effectively denied Vanderbilt the stay relief it is requesting with respect to several important deadlines, as follows:

- The district court's Order leaves Vanderbilt with a May 6, 2013 response deadline for Plaintiff's written discovery requests to Vanderbilt, under circumstances in which no discovery should be had unless specifically authorized by an arbitrator.

- The district court's Order leaves Vanderbilt to contend with a scheduling order that sets a June 5, 2013 deadline for the close of all discovery, a July 5, 2013 deadline for dispositive motions, and an August 13, 2013 trial deadline.  Thus, the bulk of the work that Vanderbilt would need to do to prepare for trial, including retaining experts, conducting depositions, and doing any third-party discovery

---

[3] Those discussions concerned mainly the assertion by Plaintiff's counsel that she was unable to proceed on an expedited schedule because of a vacation from April 29 through May 6.  Plaintiff's counsel was amenable to extending Vanderbilt's deadline for responding to written discovery but did not consent to a general adjustment of deadlines.  She also would not consent to a temporary stay pending completion of the briefing.  Vanderbilt was not in a position to agree to such limited relief because it afforded no assurances that further discovery would not be initiated and that Vanderbilt would have an opportunity to work up its case in the event that it is ultimately unsuccessful on appeal.  (Ex. 1, ¶¶ 9-12.)

would need to be begun while the decision concerning even a temporary stay is pending in the district court.

- The district court's Order would require Vanderbilt to serve offensive written discovery by mail no later than May 3, 2013 (or to hand deliver on May 6, 2013), or to potentially risk foregoing written discovery that it would need if the matter is litigated instead of being arbitrated.

(Exs. 9 and 10.)  Accordingly, Vanderbilt has no alternative but to seek emergency relief in this Court.

## REASONS WHY THE WRIT SHOULD ISSUE

This Court has broad discretion to grant a petition for a writ of mandamus if a petitioner demonstrates the propriety of the writ.  *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 403 (1976) ("[I]t is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 112 n. 8 (1964)).  A writ of mandamus is properly issued "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."  *Id.* at 402 (1976) (quoting *Will v. United States*, 389 U.S. 90, 95 (1967) and *Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 26 (1943) (internal quotation marks omitted)).  The writ should be granted if the petitioner demonstrates that (1) the petitioner's right to issuance of the writ is "clear and indisputable," and (2) that the petitioner has no other adequate means to attain the relief it desires.  *Id.* at 402-03 (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)).

As is explained further below, the standard for mandamus is satisfied in the present case. Specifically, (1) the decision in *Levin* leaves no room for debate that an automatic stay is in place, and (2) given the district court's refusal to recognize the automatic stay before discovery goes forward, there is nothing else that Vanderbilt can do to obtain the benefit of the already-existing automatic stay before its protections are compromised.

## I. VANDERBILT'S RIGHT TO THE ISSUANCE OF A WRIT OF MANDAMUS IS "CLEAR AND UNDISPUTABLE": THE DISTRICT COURT WAS REQUIRED TO ENFORCE THE AUTOMATIC STAY PENDING VANDERBILT'S APPEAL OF THE BANKRUPTCY COURT'S ORDERS DENYING VANDERBILT'S MOTION TO COMPEL ARBITRATION.

The arbitration agreement at issue in this case expressly provides that the contract involves interstate commerce and that the FAA applies. (<u>Ex 2</u>.) Such agreements are enforceable pursuant to their terms in accordance with 9 U.S.C. §§ 3 and 4. Further, the FAA expressly provides for an immediate appeal of a federal court's denial of a motion to compel arbitration and stay proceedings pending the outcome of the arbitration. 9 U.S.C. § 16(a)(1) ("An appeal may be taken from—(1) an order—(A) refusing a stay of any action under section 3 of this title, (B) denying a petition under section 4 of this title to order arbitration to proceed . . . ."); *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 636 (4th Cir. 2002); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (holding that, as a general rule, the filing of an appeal "divests the [lower]

14

court of its control over those aspects of the case involved in the appeal"). As is explained below, in this Circuit, the divestiture rule applies to Vanderbilt's appeal of the bankruptcy court's denial of its motion to compel arbitration, and an automatic stay of proceedings applies.

### A. This Court Has Adopted the *Bradford-Scott* Rule, Which Imposes an Automatic Stay of the Adversary Proceeding in the Bankruptcy Court, Pending Vanderbilt's Appeal.

In *Bradford–Scott Data Corp. v. Physician Computer Network, Inc.*, the Seventh Circuit held that the district court was automatically divested of jurisdiction by the filing of an appeal alleging that the claims before the district court were subject to mandatory arbitration. 128 F.3d 504, 505–06 (7th Cir. 1997). The court reasoned that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* (quoting *Griggs*, 459 U.S. at 58). The court further reasoned that a stay is necessary when there is an appeal from the denial of motion to require arbitration because "[w]hether the case should be litigated in the district court is …the mirror image of the question presented on appeal" and the "[c]ontinuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals." *Id.* As the Seventh Circuit observed:

> Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending. Cases of this kind are therefore poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed . . . .

*Id.* at 506.  Further, "the worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced."  *Id.* Accordingly, the Seventh Circuit held that "[u]ntil the appeals have been decided, . . . all proceedings in the district court concerning [the parties to the appeal] are stayed."  *Id.* at 507.

This Court as well as the Third, Tenth, Eleventh, and D.C. Circuits have all adopted the Seventh Circuit's holding that an appeal from a denial of a motion to compel arbitration divests the lower court of jurisdiction to proceed to the merits of the case.  *See Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264–66 (4th Cir. 2011) ("join[ing] the majority of the circuits to have decided the issue in holding that the filing of the arbitrability appeal, as would be true of appeals generally, divested the district court of jurisdiction over the underlying claims"); *see also Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n. 6 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160–62 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251–52 (11th Cir. 2004).

16

In adopting the *Bradford-Scott* rule, this Court held as follows:

> The core subject of an arbitrability appeal is the challenged continuation of proceedings before the district court on the underlying claims. Therefore, because the district court lacks jurisdiction over "those aspects of the case involved in the appeal," ***it must necessarily lack jurisdiction over the continuation of any proceedings relating to the claims at issue***.

*Id.* at 264 (quoting *Griggs*, 459 U.S. at 58) (emphasis added).  Under this rule, a stay pending the resolution of Vanderbilt's appeal is automatically in place.

### B. The Automatic Stay Applies to Appeals from the Bankruptcy Court on the Same Basis as It Applies to Appeals from the District Court.

In *Ehleiter*, the Third Circuit adopted the *Bradford-Scott* Rule and recognized the application of the appeal and stay provisions of § 16(a)(1) to bankruptcy proceedings.  482 F.3d at 213–14; *see also Videsh Sanchar Nigam Ltd. v. Startec Global Communications Corp. (In re Startec Global Communications Corp.)*, 303 B.R. 608-09 (D. Md. 2004), ("[T]he issues on appeal include an open question of whether this court, and the Bankruptcy Court before it, correctly analyzed the arbitrability of [the debtor's] claims[;] . . . [t]hus, staying the Bankruptcy Court's proceedings pending appeal will prevent any possibility of inconsistent rulings and unnecessary litigation efforts.").  Further, in *In re White Mountain Mining Co., L.L.C.*, 403 F.3d 164, 170–71 (4th Cir. 2005), a pre-*Levin* case, this Court recognized that it had not yet decided "whether a stay of the entire action is required pending appeal of an order denying a motion to compel

17

arbitration," but this Court did recognize that the analysis of an appeal and stay under 9 U.S.C. § 16(a) applies in the context of an appeal from the bankruptcy court to the district court. This decision, read in light of *Levin*, supports a stay in the present situation.

### C. The Frivolousness Exception to the Automatic Divestiture Rule Does Not Apply Here.

Each of the circuits adopting the *Bradford-Scott* majority view has also adopted a frivolousness exception to the divestiture of jurisdiction. *Levin*, 634 F.3d at 265. In *Levin*, this Court determined that "the frivolousness safeguard as articulated by the Tenth Circuit [is] not only sensible but also consistent with our approach in other areas of the law." *Id.* As the Tenth Circuit has held, a stay is to be denied only if there has been a certification by the district court that an appeal is frivolous. *McCauley*, 413 F.3d at 1162. Consistent with the Tenth Circuit, this Court has expressly held "that an appeal on the issue of arbitrability ***automatically divests*** the district court of jurisdiction over the underlying claims and ***requires a stay of the action***, unless the district court certifies the appeal as frivolous or forfeited." *Levin*, 634 F.3d at 266 (emphasis added). This Court further explained that, if the lower court certifies the appeal as frivolous, "the party alleging arbitrability may move [the appellate] court to stay the [lower] court proceedings pending a review of the frivolousness determination." *Id.*

18

In the case *sub judice*, neither the bankruptcy court nor the district court employed the procedures that would have been necessary to displace the automatic stay. Specifically, although Plaintiff argued that the frivolous exception applied (Bankr. AP Dkt. Nos. 38 & 63), the bankruptcy court did not address the issue in its order, and the bankruptcy court did not certify Vanderbilt's appeal to be frivolous (Ex. 5.). Plaintiff has not appealed from the Order of the bankruptcy court declining to find Vanderbilt's appeal to be frivolous, and the time for her to do so has expired. *See* Fed. R. Bankr. P. 8002(a) & 8003(a) (affording Plaintiff fourteen days to appeal or move for leave to appeal from the bankruptcy court's April 8, 2013 Order if she felt that she was aggrieved by the bankruptcy court not making a finding of frivolousness). Accordingly, as the record presently stands, a non-frivolous appeal has been transmitted to the district court.

The district court declined to consider the issue of whether a stay was in place and deferred ruling on any issues concerning a stay until a point in the future when the automatic stay already would be compromised by the ongoing discovery process set in place by the bankruptcy court. (Ex. 8; compare to Ex. 10.) To the extent it would be proper for the district court to consider the issue in the first instance, the district court certainly did not certify that Vanderbilt's appeal is frivolous and indeed did not conduct any proceedings on that issue.

Further, if the issue were reached, there would be no basis for a finding that Vanderbilt's appeal of the bankruptcy court's orders denying the motion to compel arbitration is frivolous. An appeal is frivolous only if "the result is obvious or the arguments of error are wholly without merit." *Dostert v. Harshbarger,* No. 90-1891, 1991 WL 43235, *1 (4th Cir. April 2, 1991). "[F]or an . . . appeal to be deemed frivolous, it must be both meritless and substantively inappropriate." *Eckert Int'l v. Gov't of Sovereign Democratic Republic of Figi,* 834 F. Supp. 167, 174 (E.D. Va. 1993) (citing *United States v. Head,* 697 F.2d 1200 (4th Cir. 1982)).

The key issue presented by Vanderbilt's appeal is whether a valid and enforceable arbitration agreement should be enforced with respect to Plaintiff's state law causes of action, which do not involve any other creditors, when arbitration of those claims would not prevent the administration of the Plaintiff's Chapter 13 estate during the pendency of the arbitration, and when there is no inherent conflict between arbitration of those claims and the Bankruptcy Code. This Court has never held that arbitration of state law claims filed in an adversary proceeding is unavailable in the context of an uncomplicated Chapter 13 consumer bankruptcy, and no decision of this Court holds that the right to arbitration should be denied or delayed under these circumstances. In fact, this Court has assumed, without deciding, the possibility that some core proceedings can be arbitrated. *In*

*re White Mountain Mining Co.,* 403 F.3d 164, 169 (4th Cir. 2005) (hereafter "*White Mountain*").

This Court has held that, in a Chapter 11 corporate reorganization bankruptcy, it was not error for a bankruptcy court to retain jurisdiction over a dispute instead of allowing arbitration to proceed when (1) the dispute involved whether the debt claimed to be owed to one of the largest would-be creditors of the estate was an equity investment or a loan, and (2) permitting the claim to be arbitrated would have substantially interfered with the ability of the bankruptcy court to conduct the Chapter 11 reorganization. *Id.* The bankruptcy court decided to extend the rationale of *White Mountain* to cover the present, distinguishable circumstances (Ex. 17 at 3), but ultimately only the Fourth Circuit and the Supreme Court can definitively rule as to the scope of the Fourth Circuit's decisions. Given the state of the law, there would be no basis for a determination that Vanderbilt's appeal is frivolous.

Further, the circumstances of Plaintiff's bankruptcy are very different from the *White Mountain* bankruptcy, and those circumstances do not warrant any interference with Vanderbilt's right to arbitration of the causes of action alleged in the Adversary Proceeding. A stay of the Adversary Proceeding will not interfere with the bankruptcy court's administration of the bankruptcy. Plaintiff filed her Chapter 13 petition in November of 2011, (Case No. 2:11-bk-20818 (S.D. W. Va.)

Dkt. No. 1), but she has not made required plan payments, and the bankruptcy trustee has repeatedly complained of Plaintiff's failure to comply with the Bankruptcy Code. (*See, e.g.,* Trustee's 1st Mot. to Dismiss in Bankr. Case, Ex. 25 hereto; Bankr. Ct. Order Den. Confirmation of Ch. 13 Plan, Ex. 26 hereto; & Trustee's 2nd Mot. to Dismiss for Failure to Make Plan Payments, Ex. 27 hereto.) As recently as April 24, 2013, Plaintiff settled a motion to dismiss by the bankruptcy trustee by agreeing to withhold $250.00 per month from her wages to try to catch up the substantial arrearage on her plan. (Req. for Am. Wage Order, Ex. 28 hereto; Am. Order Directing Method of Plan Payments to Trustee, Ex. 29 hereto; Order Finding Trustee's 2nd Mot. to Dismiss Moot, Ex. 30 hereto.) Indeed, there will not even be a status conference to determine whether Plaintiff is satisfying the minimum requirements that she must satisfy for her bankruptcy case to proceed until well after the Adversary Proceeding is set for trial. (*Compare* Ex. 30 *to* Ex. 10.) To date, the bankruptcy trustee has raised no objection to arbitration and has provided no indication that she is opposed to the parties proceeding in such a manner, and Plaintiff has presented no specific argument that arbitration would negatively impact any other creditor in the bankruptcy. Finally, adjudication of the causes of action in Plaintiff's Adversary Proceeding should not involve interpretation or application of any provision of the Bankruptcy Code.

Given the state of the law, and the circumstances presented here, there is an automatic stay pursuant to *Levin*.  The bankruptcy court (and the district court) not only failed to recognize and enforce Vanderbilt's right to an automatic stay, but also failed to address the exception for frivolous appeals, as would be required to overcome the automatic stay.  Vanderbilt respectfully submits that this Court should hold that the Adversary Proceeding is automatically stayed in accordance with *Levin*, and should direct the district court to issue all appropriate orders necessary to enforce that stay with respect to the Adversary Proceeding.

## II.    VANDERBILT HAS NO OTHER ADEQUATE MEANS TO ATTAIN THE RELIEF IT DESIRES BECAUSE, AS THIS COURT HAS RECOGNIZED, DISCOVERY CANNOT BE UNDONE AFTER IT HAS BEEN COMPLETED.

As this Court recognized in *Levin*, if this Court ultimately holds "that the claims were indeed subject to mandatory arbitration, the parties will not be able to unring any bell rung by discovery, and they will be forced to endure the consequences of litigation discovery in the arbitration process" 634 F.3d at 265. This rationale, standing alone, supports the issuance of a writ of mandamus in the case *sub judice*.

Waiting for the district court to enter an order concerning whether it will observe the automatic stay pending appeal is not a sufficient remedy to protect Vanderbilt's right to receive the protection of the automatic stay because Vanderbilt will already have been required to participate in the litigation discovery

process, and in litigating the case generally, by the time such an order is eventually entered. In its April 26, 2012 Order, the district court indicated that it would defer any ruling on whether a stay is in place until after Vanderbilt's May 6, 2013 deadline to respond to Plaintiff's written discovery requests and after Vanderbilt's May 6, 2013 deadline to serve written discovery requests to Plaintiff in time to have them answered by the June 5, 2013 close of discovery. Further, the district court's April 26, 2013 Order does not set a deadline for the reply in support of the motion to stay until Vanderbilt's initial discovery disclosures are due under Rule 7026(a)(1) of the Federal Rules of Bankruptcy Procedure. Further, given the June 5, 2013 close of discovery deadline imposed by the bankruptcy court, a mid-May ruling by the district court on the requests for stay will not adequately protect Vanderbilt from attempts by Plaintiff to obtain depositions and third-party discovery and will not protect Vanderbilt from having to work-up the case and engage in discovery that it would need to protect its rights in the event that it is ultimately determined that the causes of action in the Adversary Proceeding do not have to be arbitrated. Moreover, there is no guarantee that the district court would recognize the automatic stay pending appeal prior to the June 5, 2013 close of discovery, the July 5 dispositive motions deadline, or the August 13 trial deadline.

Similarly, a subsequent appeal of the district court's refusal to recognize the automatic stay already in place will not protect against the immediate harm to

which Vanderbilt will be subjected. Like the option of simply waiting on the district court, the possibility of appealing does nothing to protect Vanderbilt's right to enforcement of the automatic stay before that stay is violated.

Accordingly, a writ of mandamus and an emergency stay are the only mechanisms that would afford any relief to Vanderbilt. In this filing and in the companion motion for emergency stay, Vanderbilt respectfully requests that this court grant such relief.

## **CONCLUSION**

For the reasons set forth above, Vanderbilt respectfully requests that this Court issue a writ of mandamus to the United States District Court for the Southern District of West Virginia requiring the district court to observe and to enforce that automatic stay. Specifically, this Court should direct that the district court enter an order that no further proceedings occur in the Adversary Proceeding pending Vanderbilt's appeal from the denial of arbitration and that the district court enter all other orders appropriate and necessary to enforce the automatic stay pending appeal. Vanderbilt also respectfully requests that this court grant its motion for emergency stay and allow Vanderbilt such other and further relief as this court deems just and proper.

Respectfully submitted, this the 2nd day of May, 2013.


NELSON MULLINS RILEY & SCARBOROUGH LLP

By: _/s/ Jos. Dowdy_        By: _/s/ Randall L. Saunders_
Joseph S. Dowdy               Randall L. Saunders, Esq.
NC Bar No. 31941            WV Bar No. 10162
4140 Parklake Avenue        949 Third Avenue
Glenlake One, Suite 200      Suite 200
Raleigh, North Carolina 27612   Huntington, West Virginia 25701
(919) 329-3867 – Telephone    (304) 526-3500 – Telephone
(919) 329-3985 – Facsimile     (304) 526-3599 – Facsimile


*Counsel for Defendant-Petitioner,*
*VANDERBILT MORTGAGE AND FINANCE, INC.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel does hereby certify that on May 2, 2013, I filed the foregoing document entitled ***Petition for Writ of Mandamus*** with the court through the ECF system, and a copy of the above was sent to the following persons by placing a copy in the United States Mail in a postage paid envelope designating delivery by First Class Mail to the address listed below:

> Dan Hedges
> Jennifer Wagner
> Mountain State Justice, Inc.
> 1031 Quarrier Street, Suite 200
> Charleston, WV 25301
>
> Helen M. Morris, Chapter 13 Trustee
> P.O. Box 8535
> South Charleston, WV 25303
>
> The Honorable John T. Copenhaver, Jr.
> United States District Judge
> 6009 Robert C. Byrd United States Courthouse
> 300 Virginia Street East
> Charleston, WV 25301

 /s/ *Jos. Dowdy*
Joseph S. Dowdy (NC Bar No. 31941)